JS 44 (Rev 02/19)

**CIVIL COVER SHEET**

19-cv-5539

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM )*

19  5539

**I. (a) PLAINTIFFS**

DANIEL SWANSON, individually and on behalf of others similarly situated,

**DEFENDANTS**

ANTENNA STAR SATELLITES, INC d/b/a COLONIAL SMART HOME SERVICES,

**(b)** County of Residence of First Listed Plaintiff   Monroe County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310, (877) 561-0000

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U S Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U S Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for  Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U S Plaintiff | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V.  ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

**VI.  CAUSE OF ACTION**

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
29 U.S.C. §201 et seq. and attendant regulations at 29 C.F.R. § 516 et seq.
Brief description of cause:
Violations of the Fair Labor Standards Act ("FLSA"), 29 U S C §201 et seq.

**VII.  REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

**DEMAND $**

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ Yes   ☐ No

**VIII.  RELATED CASE(S) IF ANY**
*(See instructions)*    JUDGE _ _ _ _ _ _    DOCKET NUMBER _ _ _ _ _

NOV 25 2019

DATE
11/22/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 887 White Street, Stroudsburg, PA 18360

Address of Defendant: 201 W Church Road Suite 300 King of Prussia, PA 19046

Place of Accident, Incident or Transaction: King of Prussia, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____ n/a _____    Judge: _____ n/a _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE ___ 11/22/19 ___    _____ (sign here) _____    PA Bar #79369
         *Attorney-at-Law / Pro Se Plaintiff*            *Attorney I D  # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*

☐ 1  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3  Jones Act-Personal Injury
☐ 4  Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7  Civil Rights
☐ 8. Habeas Corpus
☑ 9. Securities Act(s) Cases
☐ 10  Social Security Review Cases
☑ 11. All other Federal Question Cases
       *(Please specify)* Fair Labor Standards Act ("FLSA"), 29 U S C §201 and 29 C.F.R. § 516

**B.**    *Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2  Airplane Personal Injury
☐ 3  Assault, Defamation
☐ 4  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6  Other Personal Injury *(Please specify)* _____
☐ 7  Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9.  All other Diversity Cases
       *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Jason T Brown _____, counsel of record *or* pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

NOV 25 2019

DATE _____ 11/22/19 _____    _____ (sign here if applicable) _____    PA Bar #79369
         *Attorney-at-Law / Pro Se Plaintiff*            *Attorney I D  # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

**DANIEL SWANSON**, individually and on
behalf of others similarly situated,
          v.
**ANTENNA STAR SATELLITES, INC. d/b/a
COLONIAL SMART HOME SERVICES,**

CIVIL ACTION

NO. **19  5539**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (✗)

| 11/22/19 | Jason T. Brown | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (877) 561-0000 | (855) 582-5297 | jtb@jtblawgroup.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**NOV 25 2019**



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

**DANIEL SWANSON**, individually and on
behalf of others similarly situated,

      Plaintiff,

vs.

**ANTENNA STAR SATELLITES, INC.**
d/b/a **COLONIAL SMART HOME
SERVICES**,

      Defendant.

Civil Case No.:

**19    5539**

### COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Daniel Swanson, individually and on behalf of all others similarly situated, by and

through his attorneys, Brown, LLC, hereby brings this Collective and Class Action Complaint

against Defendant Antenna Star Satellites, Inc. d/b/a Colonial Smart Home Services, alleges of his

own knowledge and conduct and upon information and belief as to all other matters, as follows:

### INTRODUCTION

1.     Plaintiff brings this action for himself and all other similarly situated collective

members to recover unpaid overtime compensation, unpaid wages, liquidated damages, and

reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and attendant regulations at 29 C.F.R. § 516 *et

seq*.

2.     Plaintiff also brings this action for himself and on behalf of all other similarly

situated Rule 23 class members to recover unpaid overtime wages liquidated damages, pre- and

post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's willful

violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* ("PMWA") and

attendant regulations, 34 Pa. Code § 231.1, *et seq*.

3.     Defendant is a "home technology company that provides Television, Home Theater, Audio, Video, Security, Lighting, Wifi, and connectivity to Google Home, Amazon and other home automation products and services."[1]

4.     Plaintiff and the putative FLSA collective and Rule 23 class members were installation technicians employed by Defendant to install and maintain Dish Network Systems in customers' homes.

5.     Defendant improperly classified the installation technicians as independent contractors to avoid compliance with the labor laws when the installation technicians in fact are covered employees under the FLSA and PMWA.

6.     In determining whether a worker is an employee or an independent contractor under the FLSA, the Third Circuit has applied the "economic reality" test which identifies six (6) relevant factors considered by the Supreme Court.  *See Donovan v. Dialamerica Mktg., Inc.*, 757 F.2d 1376, 1384 (3d Cir. 1985).

7.     Under the "economic reality" test, Defendant's installation technicians were economically dependent on Defendant and not in business for themselves as (1) Defendant exercised great control over the manner in which the installation technicians performed their work; (2) the installation technicians did not exercise managerial skill that affected their opportunity for profit or loss; (3) other than their own vehicle and tools and the company's supplies, the installation technicians did not invest in equipment or materials, nor did they hire any helpers, relating to performing the work; (4) the performance by the installation technicians did not require any special skills; (5) the installation technicians continued to work for Defendant until they quit or were

---

[1] *See* Defendant's website: https://colonialsmarthome.com/ (last accessed November 4, 2019).

2

terminated similar to an at-will employment arrangement; and (6) the installation technicians performed installation and maintenance services integral to Defendant's satellite business.

8.      The installation technicians were compensated primarily on a flat-rate basis by completion of jobs regardless of how many hours they worked per week, plus small amounts of commission pay from sales of any soundbars, television mounts, and Wifi routers, etc.

9.      By and through this illegal scheme, Defendant failed to pay the installation technicians overtime wages at a rate of at least one and one-half times the *regular rate of pay* for hours worked in excess of forty per week.   *See* 29 CFR § 778.109 ("The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment ... in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid.").

10.     Plaintiff asserts the FLSA claims on behalf of a putative FLSA collective, defined as:

> *All installation technicians of Defendant at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

11.     Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all installation technicians of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

12.     Plaintiff asserts the PMWA claims on behalf of a putative class pursuant to Fed. R. Civ. P. 23, defined as:

> *All installation technicians of Defendant in the Commonwealth of Pennsylvania at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

13.     Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

3

## JURISDICTION AND VENUE

14.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

15.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

16.     The Court has personal jurisdiction over Defendant because it engaged in systematic and continuous contacts with the Commonwealth of Pennsylvania by, *inter alia*, employing individuals to work out of Pennsylvania, including Plaintiff, and Plaintiff's claims arise out of those contacts.

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant's corporate office is in this district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

18.     Defendant Antenna Star Satellites, Inc., doing business as Colonial Smart Home Services, is a privately held satellite communication company with headquarters in the Commonwealth of Pennsylvania.

19.     According to the Pennsylvania Department of State website, Defendant maintains an address at 201 W Church Road Suite 300 King of Prussia, PA 19046 Montgomery.

20.     According to the Pennsylvania Department of State website, Defendant has the following officer: Athanasios Papadopoulos (President and Treasurer), 6790 Market St, Upper Darby, PA 19082-2431.

21.     According to its website (https://colonialsmarthome.com/) and the pay records,

4

Defendant maintains a principal place of business at 475 S. Henderson Road, King of Prussia, PA 19046.

22.     Plaintiff Daniel Swanson ("Swanson") is a resident of the County of Monroe and Commonwealth of Pennsylvania.

23.     Swanson worked for Defendant as an installation technician from approximately May 2018 through April, 2019.

24.     Swanson's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A.**

## FACTUAL ALLEGATIONS

25.     Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

26.     Defendant has generated over $500,000 in revenue per year.

27.     Defendant has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

28.     Defendant has engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

29.     Defendant was/is the "employer" of the installation technicians including Plaintiff within the meaning of 29 U.S.C. § 203(d) of the FLSA and 43 P.S. § 333.103(g) of the PMWA.

30.     The installation technicians including Plaintiff were/are "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA and 43 P.S. § 333.103(h) of the PMWA.

31.     Defendant "suffered or permitted" the installation technicians including Plaintiff to work and thus "employed" them within the meaning of 29 U.S.C. §203(g) of the FLSA and 43 P.S. § 333.103(f) of the PMWA.

5

32.     Defendant, directly or indirectly, hired the installation technicians including Plaintiff and determined the rate and method of the payment of their wages.

33.     Defendant controlled the work schedules, duties, protocols, applications, assignments and work conditions of the installation technicians including Plaintiff.

34.     Defendant employed the installation technicians including Plaintiff to perform installation and maintenance work at the various sites of Defendant's customers.

35.     The installation technicians including Plaintiff performed primary job duties that do not fall within any exemptions from overtime under the FLSA and PMWA.

36.     Defendant classified its installation technicians as independent contractors.

37.     Defendant issued IRS Form 1099 to their installation technicians.

38.     Defendant did not issue IRS Form W-2 to their installation technicians.

39.     The installation technicians including Plaintiff were compensated on a flat-rate basis by completion of jobs regardless of how many hours they worked per week.

40.     The installation technicians additionally received small amounts of commission pay from sales of any soundbars, television mounts, and Wifi routers, etc. to Defendant's customers.

41.     Defendant's installation technicians worked over forty hours a week in several workweeks.

42.     Plaintiff worked five to six days a week for Defendant in several workweeks.

43.     Plaintiff worked over forty hours a week for Defendant in several workweeks.

44.     Defendant did not implement any time-recording systems for work performed by the installation technicians.

45.     Defendant failed to pay the installation technicians including Plaintiff overtime

compensation at a rate of at least one and one-half times the *regular rate of pay* for hours worked in excess of forty per week.

46.     Defendant improperly classified Plaintiff and other installation technicians as independent contractors.

47.     Plaintiff and other installation technicians were subjected to the common unlawful policies and practices of Defendant as stated herein that violated the FLSA and PMWA.

## THE ECONOMIC REALITY TEST

48.     Under the economic reality test, employee status turns on whether the individual is, as a matter of economic reality, in business for himself or herself and truly independent or, rather, is economically dependent upon finding employment in others.

49.     The Third Circuit applies an "economic reality" test to determine whether an individual is an employee or an independent contractor for FLSA purposes.    The factors considered include:

> (1) the degree of the alleged employer's right to control the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; 4) whether the service rendered requires a special skill; 5) the degree of permanence of the working relationship; 6) whether the service rendered is an integral part of the alleged employer's business.

*Donovan v. Dialamerica Mktg., Inc.*, 757 F.2d 1376, 1384 (3d Cir. 1985).

50.     The totality of circumstances surrounding the employment relationship between Defendant and the installation technicians establishes economic dependence by the installation technicians on Defendant and employee status.    Here, the installation technicians including Plaintiff are not in business for themselves and truly independent, but rather are economically dependent upon their employment with Defendant.

## Degree of Control Exercised by Defendant

51.     The installation technicians did not exert control over any meaningful part of Defendant's business operations and did not stand as a separate economic entity from Defendant.

52.     Defendant had complete control over the business operations, including without limitation advertising and promotion, business and financial relationships with customers, services offered, and customer volume.

53.     Moreover, Defendant exercised substantial control over all aspects of the working conditions of the installation technicians.

## The Installation Technicians' Opportunity For Profit or Loss and Their Relative Investment

54.     Defendant managed all aspects of its business operation, including without limitation, attracting customers, establishing business and customer relationships, maintaining the premises, establishing the hours of operation, coordinating advertising, and hiring and controlling the staff.    Defendant provided all necessary capital to open and operate the business.

55.     Defendant determined and assigned the work jobs to be completed by the installation technicians.

56.     Defendant determined the prices charged to customers for different installation and maintenance services.

57.     The installation technicians had no responsibility for any aspect of Defendant's ongoing business risk.

## The Installation Technicians' Investment in Materials and Other Employees

58.     The installation technicians made no financial investment in Defendant's facilities, advertising, maintenance, and staffing.    All capital investment and risk belongs to Defendant.

59.     The installation technicians' investment is limited to their own vehicle and tools

8

and the company's supplies such as wire fittings, wire, lag bolts, wire fasteners, and connectors which would be charged and deducted from their paychecks.   Absent Defendant's investment and provision of the business, the installation technicians would earn nothing.

60.   The installation technicians did not hire any employees or subcontractors.

### Degree of Skill Required to Perform the Work

61.   The installation technicians were not required to have any specialized or unusual skills to perform their job.   Most of the skills utilized in performing installation and maintenance are commensurate with those exercised by ordinary employees in the same capacity.

62.   The installation technicians did not have the opportunity to exercise the business skills and initiative necessary to elevate their status to that of independent contractors: they owned no enterprise, nor did they maintain a separate business structure or facility.

### Permanence or Duration of the Working Relationship

63.   Plaintiff worked as an installation technician for Defendant from approximately May 2018 through April, 2019.

64.   The installation technicians continued to work for Defendant until they quit or were terminated similar to an at-will employment arrangement.

### Extent to Which the Work is an Integral Part of Employer's Business

65.   The installation technicians performed installation and maintenance work integral to Defendant's home technology and satellite business.

66.   Defendant's operation is dependent on the installation and maintenance work they provided for Defendant's customers.

67.   The primary products, goods and services Defendant is in business to sell consist of performances provided by the installation technicians.

68.   Plaintiff and other similarly situated installation technicians were subjected to the

9

common unlawful policies and practices of Defendant as stated herein that violated the FLSA and PMWA.

69.     Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

70.     Defendant's violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

71.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

72.     Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all installation technicians who have been affected by Defendant's common unlawful policies and practices which include improperly classifying them as independent contractors and failing to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

73.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> *All installation technicians of Defendant at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

74.     As a result of the Defendant's illegal policies, there were many weeks in which Defendant failed to compensate members of the FLSA collective at an overtime premium rate of

10

not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty per workweek as required by the FLSA.

75.     Plaintiff brings this collective action against Defendant to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

76.     The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

77.     Plaintiff seeks to send Notice to the installation technicians of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

78.     Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they had the same job positions and performed the same or similar job duties as one another on behalf of Defendant; (b) they were subject to the same or similar unlawful policies and practices as stated herein; and (c) their claims are based upon the same factual and legal theories.

79.     Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

80.     Plaintiff and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

81.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

82.     Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, on behalf all installation technicians who have been affected by Defendant's common unlawful policies and practices which include improperly classifying them as independent contractors and failing to pay overtime compensation, in violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* ("PMWA") and attendant regulations, 34 Pa. Code § 231.1, *et seq.*

83.     Plaintiff brings this Rule 23 class action on his own behalf and on behalf of:

> *All installation technicians of Defendant in the Commonwealth of Pennsylvania at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

84.     Plaintiff brings this Rule 23 class action against Defendant to recover unpaid overtime wages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the PMWA.

85.     The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are a substantial number of class members in the Commonwealth of Pennsylvania.   The Rule 23 class members should be easy to identify from Defendant's payroll and personnel records.

86.     There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

87.     Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices.   All of the class members were subject

12

to the same corporate practices of Defendant, as alleged herein, of improperly classifying them as independent contractors and failing to pay overtime wages. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

88.     Plaintiff was employed by Defendant in the same capacity as all of the class members.   All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

89.     Plaintiff will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions.   Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

90.     Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case.

91.     Plaintiff and the Rule 23 class members demand a trial by jury.

**COUNT I**
**(29 U.S.C. § 216(b) Individual Claims)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**Failure to Pay Overtime Wages**

92.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

93.     29 U.S.C. § 207(a)(1) provides:

13

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

94.     Plaintiff worked over forty hours a week for Defendant in several workweeks.

95.     Defendant improperly classified Plaintiff as an independent contractor.

96.     Plaintiff performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

97.     Defendant failed to pay Plaintiff overtime compensation at a rate not less than one and one-half (1.5) times the *regular rate of pay* for hours he worked in excess of forty per workweek.

98.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

99.     Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

100.    As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

### COUNT II
### (29 U.S.C. § 216(b) Collective Action Claims)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*
### Failure to Pay Overtime Wages

101.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

102.    Plaintiff and the FLSA collective members worked over forty hours a week for

14

Defendant in several workweeks.

103.    Defendant improperly classified Plaintiff and the FLSA collective members as independent contractors.

104.    Plaintiff and the FLSA collective performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

105.    Defendant failed to pay Plaintiff and the FLSA collective members overtime compensation at a rate not less than one and one-half (1.5) times the *regular rate of pay* for hours they worked in excess of forty per workweek.

106.    Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

107.    Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

108.    As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

### COUNT III
### (Individual Claims)
### Violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.*
### Failure to Pay Overtime Wages

109.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

110.    Plaintiff worked over forty hours a week for Defendant in several workweeks.

111.    Defendant improperly classified Plaintiff as an independent contractor.

112.    Plaintiff performed primary job duties that do not fall within any exemptions from

overtime under the FLSA.

113.    Defendant failed to pay Plaintiff overtime compensation at a rate not less than one and one-half (1.5) times the *regular rate of pay* for hours he worked in excess of forty per workweek.

114.    Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

115.    As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to PMWA.

**COUNT IV**
**(Fed R. Civ. P. 23 Class Action Claims)**
**Violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq*.**
**Failure to Pay Overtime Wages**

116.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

117.    Plaintiff and the Rule 23 class members worked over forty hours for Defendant in several workweeks.

118.    Defendant improperly classified Plaintiff and the Rule 23 class members as independent contractors.

119.    Defendant failed to pay Plaintiff and the Rule 23 class members overtime compensation at a rate not less than one and one-half (1.5) times the *regular rate of pay* for hours they worked in excess of forty per workweek.

120.    Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

121.    As a result of Defendant's uniform and common policies and practices described

16

above, Plaintiff and the Rule 23 class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to PMWA.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A)     A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B)     A declaratory judgment that Defendant's wage practices alleged herein violate the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* and attendant regulations, 34 Pa. Code § 231.1, *et seq.*;

(C)     An Order for injunctive relief ordering Defendant to comply with the FLSA and PMWA, and end all of the illegal wage practices alleged herein;

(D)     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E)     Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the PMWA claims set forth herein;

(F)     Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G)     Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H)     Designating Lead Plaintiff as the representatives of the FLSA collective and Rule 23 class in this action;

(I)     Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J)     Judgment for damages for all unpaid overtime wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K)     Judgment for damages for all unpaid overtime wages and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* and attendant regulations, 34 Pa. Code § 231.1, *et seq.*;

(L)     An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(M)     Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA and PMWA;

(N)     Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

(O)     Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through his attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated:  November 22, 2019

Jason T. Brown
**BROWN, LLC**
111 Town Square Place, Suite 400
Jersey City, New Jersey 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com

*Attorneys for Plaintiff*

19

# Exhibit A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**DANIEL SWANSON**, individually and on
behalf of others similarly situated,

        Plaintiff,

vs.

**ANTENNA STAR SATELLITES, INC.** d/b/a
**COLONIAL SMART HOME SERVICES,**

        Defendant.

Civil Case No.:

## CONSENT TO SUE

    I hereby consent to be a Plaintiff in the Fair Labor Standards Act case captioned above. I hereby consent to the bringing of any claims I may have under the Fair Labor Standards Act (for unpaid minimum wages, overtime, liquidated damages, attorney's fees, costs and other relief) and applicable state wage and hour law against the Defendant(s). I further consent to bringing these claims on a collective and/or class basis with other current/former employees of Defendant(s), to be represented by Brown, LLC, and to be bound by any settlement of this action or adjudication by the Court.

**Signed:** _____  **Dated:** 11 / 19 / 2019

**Name:** Daniel Swanson

**Address:** _____

*Street*

_____

*City, State, Zip Code*